UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TEKSYSTEMS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 4:13 CV 146 RWS |
| | ) |
| JONATHAN J. LINK and | ) |
| JACOBSON STAFFING, INC., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Defendant Jonathan Link is a former employee of Plaintiff TEKsystems, Inc. As an employee of TEKsystems, Link entered an employment agreement which contains non-compete, non-solicit, and non-disclosure provisions. After his termination of employment with TEKsystems, Link became an employee of Defendant Jacobson Staffing, Inc., a direct competitor of TEKsystems. TEKsystems filed this case asserting breach of contract, equitable accounting, and misappropriation of trade secrets claims against Link. In addition, TEKsystems asserted a tortious interference with a contract claim against Jacobson. Jacobson has filed a motion to dismiss arguing that TEKsystems failed to plead sufficient facts to state an interference with a contract claim. Because I find that TEKsystems has plead sufficient facts to state a claim, I will deny Jacobson's motion to dismiss.

In ruling on a motion to dismiss, I must accept as true all factual allegations in the complaint and view them in the light most favorable to Plaintiff. Fed. R. Civ. P. 12(b)(6); Erickson v. Pardus, 551 U.S. 89, 94 (2007). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a

formalistic recitation of elements of a cause of action will not do." Id. (internal quotations ommitted).  To survive a motion to dismiss a plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Id. at 555.  Federal courts employ notice pleading.  Federal Rule of Civil Procedure 8 requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The Rule also mandates that pleadings "must be construed so as to do justice." Fed. R. Civ. P. 8(e).

The elements a party must prove to establish a tortious interference with a contract claim are: 1) the existence of a contract; (2) defendant's knowledge of the contract; (3) intentional interference by the defendant inducing or causing a breach of the contract; (4) absence of justification; and (5) damages resulting from defendant's conduct.  Western Blue Print Co., LLC v. Roberts, 367 S.W.3d 7, 19 (Mo. 2012).

In its complaint, TEKsystems has alleged that it has an employment contract with Link which Jacobson is aware and that Jacobson is intentionally interfering with the contract, without justification, through its continued employment of Link to TEKsystems' damage.  Having considered TEKsystems' complaint as a whole, I find that the complaint states sufficient facts to put Jacobson on notice of the claim against it.  As a result, I will deny Jacobson's motion to dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Jacobson Staffing, Inc.'s motion to dismiss [#28] is **DENIED**.

                                                                          RODNEY W. SIPPEL
                                                                          UNITED STATES DISTRICT JUDGE

Dated this 10th day of June, 2013.